**Leonardo Torio PARRA; Mercedes Estipona Parra, Petitioners,**

v.

**John ASHCROFT, Attorney General, Respondent.**

Nos. 03–71629.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 9, 2004.*

Decided Aug. 18, 2004.

Bert M. Vega, Esq., Law Office of Bert M. Vega, Vallejo, CA, for Petitioners.

Regional Counsel, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Norah Ascoli Schwarz, Esq., Francis M McLaughlin, U.S. Department of Justice, Washington, DC, for Respondent.

Before: SCHROEDER, Chief Judge, RAWLINSON and CALLAHAN, Circuit Judges.

## MEMORANDUM **

Leonardo Torio Parra and Mercedes Estipona Parra, husband and wife, petition for review of the Board of Immigration Appeals' ("BIA's") decision affirming the immigration judge's denial of asylum and withholding of removal.[1] The BIA concluded that even if it deemed Mr. Parra's testimony credible, he had not shown that he was persecuted or that he had a well-founded fear of persecution based on a protected ground. *See* 8 U.S.C. § 1101(a)(42)(A). We deny the petition.

The BIA correctly concluded that the threats and stone-throwing incidents the Parras endured did not amount to past persecution and did not give rise to a well-founded fear of future persecution based on one of the five protected grounds. The

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Because Mercedes Estipona Parra's petition derives from her husband's, *see* 8 U.S.C. § 1158(b)(3)(A), we refer to his petition alone hereinafter.

threats and incidents Mr. Parra described were not so serious that they constitute persecution. *Hoxha v. Ashcroft,* 319 F.3d 1179, 1182 (9th Cir.2003) (finding that unfulfilled threats amounted to "harassment rather than persecution"); *Lim v. INS,* 224 F.3d 929, 936–37 (9th Cir.2000) (finding that mail and telephone threats did not compel a finding of past persecution). Moreover, they were not so serious that any reasonable factfinder would be compelled to conclude that they give rise to a well-founded fear of persecution in the future. *See Khourassany v. INS,* 208 F.3d 1096, 1100 (9th Cir.2000) (standard of review), *Nagoulko v. INS,* 333 F.3d 1012, 1017–18 (9th Cir.2003) (finding the danger of future persecution too speculative to establish a well-founded fear). Accordingly, we deny the petition.

**PETITION DENIED.**